United States District Court
Southern District of Texas
ENTERED
July 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **CESAR ADRIAN GALARZA VILLANUEVA, *et al.*,** | § | |
| | § | |
| **Petitioners,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00952** |
| | § | |
| **D. COLE,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

Pending before the Court is Cesar Adrian Galarza Villanueva's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his custody by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner alleges that he was taken into custody in March of 2026 and requests that the Court order release from custody on bond or order a bond hearing. (*Id.* at 5, 8.)

The Court ordered Respondents to respond to the petition by May 27, 2026. (Dkt. 4.) Respondents filed a timely response and Motion for Summary Judgment arguing that Petitioner entered without inspection and is lawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2) pursuant to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). (Dkt. 10.) Respondents also state that Petitioner was provided with a custody redetermination hearing pursuant to 8 C.F.R. § 1236 on April 3, 2026, where the Immigration Judge (IJ) denied Petitioner bond after finding that his is a danger. (*Id.* at 6, Attach. 3 at 1.)[1] Petitioner filed a reply to

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket

Respondents' response, claiming that he entered the United States with a Border Crosser Card as a child. (Dkt. 9 at 1.)

In light of the information, the Court ordered Respondents to file supplemental briefing clarifying Petitioner's detention authority by June 18, 2026. (Dkt 11.) Respondents filed a timely supplemental brief now asserting that Petitioner is detained under 8 U.S.C. § 1226(a), not § 1225(b)(2), because of Petitioner's manner of entry into the United States. (Dkt. 12.) Respondents claim that Petitioner was afforded a custody redetermination hearing on April 3, 2026, at which the IJ denied bond. (*Id.* at 1–2.) Thus, Respondents argue that the Court does not have jurisdiction to review the IJ's decision to deny bond and because Petitioner has not appealed the denial of his custody redetermination to the Board of Immigration Appeals (BIA). (*Id.* at 2–3.)

Upon review of evidentiary record submitted to the Court, it appears that Petitioner has been provided with the custody redetermination hearing before an IJ that he is statutorily entitled to under 8 U.S.C. § 1226(a). (Dkt. 10, Attach. 3 at 1.) Because "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond," the Court may not review the IJ's underlying discretionary decision to deny bond for Petitioner. *See Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). Moreover, Petitioner alleges no constitutional challenge to the statutory framework for his detention or to the extent of DHS's detention authority. *See Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) ("Section 1226(e) may strip us of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, but it does not deprive us of all authority to review statutory and constitutional challenges. We retain jurisdiction to review

---

entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

[Petitioner's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition."). Therefore, the Court is unable to grant the relief that Petitioner seeks.

Consequently, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**. Respondents' Motion for Summary Judgment, (Dkt. 10), is **GRANTED IN PART**. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

The Clerk of Court is also **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following address:

**Cesar Adrian Galarza Villanueva**
**A # 204-769-989**
**Rio Grande Processing Center**
**1001 San Rio Blvd**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this July 2, 2026.

Diana Saldaña
United States District Judge